USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 04/27/2018

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
:
THEODORE PARIS,                                                         :
                                                                        :
                            Petitioner,  :        17-CV-8739 (JMF)
                                                                        :
      -v-                                                              :        MEMORANDUM OPINION
                                                                        :        AND ORDER
THOMAS GRIFFIN,                                                         :
                                                                        :
                            Respondent.  :
                                                                        :
------------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

      Petitioner Theodore Paris, a state prisoner proceeding *pro se*, seeks a writ of *habeas corpus* pursuant to Title 28, United States Code, Section 2254, challenging his December 20, 2012 conviction for one count of assault in the first degree and three counts of attempted robbery in the first degree. (Docket No. 2 ("Pet."), ¶¶ 4-5; Docket No. 8 ("Resp't's Mot.") Exs. B, C). Respondent Thomas Griffin, Superintendent of the Green Haven Correctional Facility ("Green Haven"), now moves, pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, to dismiss the petition as untimely. (Resp't's Mot.). For the reasons that follow, the motion is GRANTED.

      With the passage of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, on April 24, 1996, Congress established a strict one-year statute of limitations for the filing of a habeas petition by a person in custody pursuant to a state court conviction. *See* 28 U.S.C. § 2244(d)(1). As relevant here, the one-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." *Id.* § 2244(d)(1)(A). In the case of a *pro se* prisoner, such as Paris, a petition is deemed timely filed when the prisoner "delivers the [petition] to prison officials within the time specified." *Noble v. Kelly*, 246 F.3d 93, 97 (2d Cir. 2001) (citing

*Houston v. Lack*, 487 U.S. 266, 270-71, 274 (1986)); *see also* Rules Governing Section 2254 Cases in the United States District Courts 3(d) ("A paper filed by an inmate confined in an institution is timely if deposited in the institution's internal mailing system on or before the last day for filing.").

Applying those rules here, Paris's Petition is plainly untimely. Paris unsuccessfully appealed his conviction to the New York Supreme Court, Appellate Division, and sought leave to appeal to the New York Court of Appeals, but did not file a petition for the writ of *certiorari* with the United States Supreme Court. (Pet. ¶¶ 7, 9-10). Thus, Paris's conviction became final for purposes of Section 2254(d)(1) on October 31, 2016 — ninety days after August 2, 2016, the date on which the New York Court of Appeals denied him leave to appeal, *see People v. Paris*, 28 N.Y.3d 935 (2016) — and he had until October 31, 2017 to file his Petition. *See, e.g.*, *Brown v. Jones*, No. 9:18-CV-0359 (LEK), 2018 WL 1750580, at *1 (N.D.N.Y. Apr. 11, 2018) ("[A] state conviction becomes 'final' when the United States Supreme Court denies an application for a writ of certiorari or when the time to seek certiorari has expired, which is ninety days after the date on which the highest court in the state has completed direct review of the case." (citing *Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012))). Yet, by Paris's own admission, he did not sign his Petition or hand it to prison officials until November 2, 2017 — two days *after* his time to file had expired. (*See* Pet. ¶ 12; Docket No. 10 ("Opp'n"), ¶¶ 1, 3-4).[1]

---

[1] At one point in his Petition, Paris alleges that he "handed the within petition" to prison officials on October 27, 2017. (Pet. ¶ 24). But the Petition's signature page and affidavit of service indicate that they were signed on November 2, 2017. (*See id.* 22-23). That is enough by itself to establish that Paris gave the Petition to prison officials on November 2, 2017. *See, e.g.*, *Rodriguez v. Erfe*, No. 3:15-CV-514 (VAB), 2017 WL 396534, at *3 (D. Conn. Jan. 30, 2017) ("Courts in this Circuit have assumed that a prisoner hands his or her petition or complaint to a prison staff member to be mailed or e-filed to the court on the date that the prisoner signed it."). But in any event, Paris concedes the point in his opposition papers, acknowledging that the October 27, 2017 date in the Petition was included in error. (Opp'n ¶ 3).

2

Paris appears to rely on the doctrine of equitable tolling (*see* Pet. ¶¶ 18-19; Opp'n ¶¶ 1, 5), but that reliance is misplaced.² Equitable tolling is available only in "'rare and exceptional' circumstances." *Green v. United States*, 260 F.3d 78, 82-83 (2d Cir. 2001). To qualify, a petitioner must show that he "'pursu[ed] his rights diligently'" and that "'some extraordinary circumstance stood in his way and prevented timely filing.'" *Ocasio v. Lee*, No. 14-CV-6097 (JMF), 2017 WL 456468, at *4 (S.D.N.Y. Feb. 2, 2017) (quoting *Holland v. Florida*, 560 U.S. 631, 632 (2010)). Moreover, the petitioner must also "'demonstrate a causal relationship between the extraordinary circumstances on which [the petitioner's] claim for equitable tolling rests and the lateness of [his] filing . . . .'" *Id.* (quoting *Valverde v. Stinson*, 224 F.3d 129, 134 (2d Cir. 2000)). A petitioner cannot demonstrate this causal relationship if he or she, "'acting with reasonable diligence[,] could have filed on time notwithstanding the extraordinary circumstances.'" *Id.* (quoting *Valverde*, 224 F.3d at 134). In other words, to qualify for equitable tolling, Paris must show both that he pursued his rights with reasonable diligence and that extraordinary circumstances "caused him to miss the original filing deadline." *Harper v. Ercole*, 648 F.3d 132, 137 (2d Cir. 2011); *see also Doe v. Menefee*, 391 F.3d 147, 175 (2d Cir. 2004) ("If the petitioner is unable to establish that he diligently attempted to file his petition, the extraordinary circumstances on which his tolling claim is based cannot be said to have caused the lateness of his petition.").

Paris falls short on both prongs of the test. First, conclusory assertions aside, he fails to establish that he pursued his rights diligently "'throughout the period he seeks to toll.'" *Harper*, 648 F.3d at 138 (quoting *Belot v. Burge*, 490 F.3d 201, 205 (2d Cir. 2007)); *see also Yang v.*

---

² A claim of actual innocence can also "provide a 'gateway' to consideration of an otherwise time-barred petition," so long as the claim is "both 'credible' and 'compelling.'" *Smith v. Chappius*, No. 13-CV-7595 (JMF), 2014 WL 5786945, at *2 (S.D.N.Y. Nov. 6, 2014) (quoting *Rivas v. Fischer*, 687 F.3d 514, 541 (2d Cir. 2012)); *see McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). Here, however, Paris makes no actual innocence claim.

3

*Archuleta*, 525 F.3d 925, 930 (10th Cir. 2008) (noting that a petitioner must "allege with specificity the steps he took to diligently pursue his federal claims" and that a "conclusory statement that [he] diligently pursued his rights and remedies will not [alone] suffice" (internal quotation marks omitted)). Paris admits that he waited until the "11th hour" to prepare and sign his Petition. (Opp'n ¶ 7; *see also id.* ¶¶ 1, 4). And while he provides some explanation for his failure to sign and submit the Petition four days before the deadline (namely, that he was not scheduled to use the law library until November 2, 2017, (*see id.* ¶¶ 1, 4)), he provides no good explanation for his failure to diligently pursue relief during the prior 361 days. The closest he comes, in a procedurally improper sur-reply, is to claim that when he was transferred from to Green Haven from another facility (on an unspecified date), "[i]t took several months for the prior facility to forward [his] legal documents." (Docket No. 12 ("Sur-reply"), ¶ 8). But that does not demonstrate with sufficient specificity that Paris "'acted with *reasonable* diligence.'" *Harper*, 648 F.3d at 138 (emphasis added) (quoting *Belot*, 490 F.3d at 205). Put simply, Paris could "have begun his preparation earlier and filed an unpolished-but timely-petition rather than wait to file his more polished petition until the week that the deadline expired." *Belot*, 490 F.3d at 207 (internal quotation marks and brackets omitted).

In any event, Paris fails to show that some extraordinary circumstance stood in his way and prevented him from timely filing the Petition. Paris provides various explanations for his failure to meet the deadline: that he incorrectly believed the deadline to be November 2, 2017, (*see* Pet. ¶ 12; Opp'n ¶ 4); that he was unfamiliar with the legal system, (Opp'n ¶ 5); that he had access to the prison law library only once a week, (*id.* ¶ 1); and that he lacked access to his legal papers for some period when he was transferred to Green Haven (Pet. ¶ 18). But whether considered individually or together, these circumstances do not qualify as "extraordinary" ones that would justify equitable tolling, either because they were not "external obstacle[s]" beyond Paris's own control, *see, e.g.*, *Menominee Indian Tribe v. United States*, 136 S. Ct. 750, 756 (2016) (internal quotation marks

4

omitted); *see also Dillon v. Conway*, 542 F.3d 358, 363 (2d Cir. 2011) ("[A]n ordinary mistake . . . regarding the rules [governing] deadlines for filing of habeas petitions [does] not justify equitable tolling." (internal quotation marks omitted)), or because they are the ordinary "difficulties attendant on prison life," *Adkins v. Warden*, 585 F. Supp. 2d 286, 296 (D. Conn. 2008) (noting that "transfers between facilities, . . . restricted access to the law library, and an inability to secure court documents" are not generally considered "extraordinary circumstances" (internal quotation marks omitted)). In fact, Paris himself describes many of the circumstances upon which he relies as "the ordinary functioning and operation" of Green Haven. (Opp'n ¶ 4; *see also* Sur-reply ¶¶ 10-11).

In short, the Court is compelled to conclude that Paris's Petition is time barred. Accordingly, Respondent's motion must be and is GRANTED, and the Petition is DISMISSED. As Paris has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253(c); *see also, e.g.*, *Matthews v. United States*, 682 F.3d 180, 185 (2d Cir. 2012). In addition, the Court certifies, pursuant to Title 28, United States Code, Section 1915(a)(3), that any appeal from this Memorandum Opinion and Order would not be taken in good faith, and *in forma pauperis* status is thus denied. *See Coppedge v. United States*, 369 U.S. 438, 445 (1962). The Clerk of Court is directed to mail a copy of this Memorandum Opinion and Order to Paris and close the case.

SO ORDERED.

Dated: April 27, 2018
New York, New York

_____
JESSE M. FURMAN
United States District Judge